atty Brown

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION


FILED
AUG 25 1966

| | |
|---|---|
| UNITED STATES OF AMERICA, by Nicholas deB. Katzenbach, Attorney General of the United States,<br><br>               Plaintiff,<br><br>        v.<br><br>DYERSBURG BOARD OF EDUCATION; HUGH M. TODD, JR., Chairman, and WILLIAM MURRAY, GEORGE YARBRO, A. D. WALKER, JR., FRED CHILDRESS, and WILLIAM S. YATES, members of the Dyersburg Board of Education, and W. O. WARREN, Superintendent of the Dyersburg City Schools,<br><br>             Defendants. | CIVIL ACTION NO. C-66-241<br><br>COMPLAINT<br><br>NO CARD DRAWN<br><br>This case assigned to<br><br>BAILEY BROWN, JUDGE |

    Plaintiff, United States of America, alleges as a claim against the defendants that:

    1. This action is brought by the Attorney General on behalf of the United States, pursuant to Section 407(a) of the Civil Rights Act of 1964 (42 U.S.C. §2000c-6). The statutory requirements for bringing such a suit have been met as follows:

        (a) The Attorney General has received a complaint in writing signed by a Negro parent to the effect that his minor child, as a member of a class of persons similarly situated, is

-1-

           being deprived by the defendant school board of the equal protection of the laws;

(b) The Attorney General believes this complaint to be meritorious;

(c) Attached hereto is the Attorney General's certification that:

   (1) the signers of the complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of this action will materially further the orderly achievement of desegregation in public education;

   (2) after giving notice of the complaint to the defendant boards, he is satisfied that they have had a reasonable time to adjust the conditions alleged in such complaint.

2. This Court has jurisdiction of this action under 28 U.S.C. §1345 and 42 U.S.C. §2000c-6.

3. Hugh M. Todd, Jr., William Murray, George Yarbro, A. D. Walker, Jr., Fred Childress, and William S. Yates are members of the Dyersburg Board of Education and, as such, are charged with the responsibility of operating a public school system in Dyersburg, Tennessee.

-2-

4. W. O. Warren is the Superintendent of Schools in the city of Dyersburg, and, as such, he is responsible for implementing the policies of the Dyersburg Board of Education and supervising the operation of a public school system in Dyersburg, Tennessee.

5. The individual defendants named in paragraphs three and four are residents of the State of Tennessee and reside within the Western District of Tennessee.

6. In operating the public schools of the Dyersburg City School District prior to the 1965-66 school year, the defendants maintained a dual school system based upon race and color. One senior high school, one junior high school and three elementary schools were maintained exclusively for white students and staffed exclusively by white personnel. One twelve grade school was maintained exclusively for Negro students and staffed exclusively by Negro personnel.

7. The defendants, in operating the public school system in the Dyersburg City School District, have received financial aid and assistance under various federal programs administered by the Department of Health, Education and Welfare.

8. Pursuant to Section 601 and 602 of the Civil Rights Act of 1964 and the implementing regulations adopted by the Secretary of the Department of Health, Education and Welfare (45 C.F.R. Sec. 80.1 et seq.), the defendants filed a desegregation plan with the United States Office of Education, which plan was approved on August 11, 1965. The defendants also have filed Form 441-B with the United States Office of Education indicating

-3-

their intention to comply with the Department of Health, Education and Welfare's <u>Revised Statement of Policies for School Desegregation Plans under Title IV of the Civil Rights Act of 1964</u> (45 C.F.R., Part 181).

9. In the 1965-66 school year Dyersburg had a total enrollment of 2,777 white and 601 Negro students. Under the freedom of choice desegregation plan adopted by defendants, thirteen Negro students attended formerly all-white schools. None of the white children chose to enroll in or attend the traditionally Negro school. For the 1966-67 school year nineteen Negro students have chosen the traditionally all-white schools, and no white students have chosen to enroll at the traditionally all-Negro school.

10. Approximately 440 white nonresident students are scheduled to be enrolled by the defendants in the traditionally white city schools, and approximately 55 Negro nonresident students are scheduled to be enrolled by the defendants in the traditionally all-Negro city school. Approximately 400 of the white nonresident students are to be enrolled by the defendants in the junior and senior high school grades at the traditionally white Dyersburg Senior and Junior High Schools.

11. The 1966-67 enrollment at the traditionally white Dyersburg Junior High School will be 556 white and 3 Negro students. The 1966-67 enrollment in the same three grades at the traditionally all-Negro school will be 103 Negro students. The 1966-67 enrollment at the traditionally white Dyersburg Senior High School will be 764 white and 9 Negro students. At the same time, the enrollment in the senior high grades at Bruce school will be 164 Negro students.

-4-

12. During the school year 1965-66 and at all times prior thereto, the traditionally all-white schools operated by the defendants were staffed exclusively by white teachers and administrators and the formerly all-Negro school was staffed exclusively by Negro teachers and administrators. The defendants have failed to take adequate steps toward faculty and staff desegregation for the school year 1966-67 or to remove the effect of the past discriminatory assignments based upon race and color.

13. By letter dated July 25, 1966, the Dyersburg Board of Education submitted to the United States Office of Education a letter amending their plan of desegregation in order to meet the requirements of the 1966 School Desegregation Guidelines. The amendments adopted by the defendants called for the closing of the Senior High School grades at the traditionally Negro Bruce School and a transfer of these pupils to the traditionally white Dyersburg Senior High School; the transfer of the necessary faculty members for this number of students from Bruce School to Dyersburg High School; and the assignment of at least six Negro faculty members from Bruce School to all-white faculties in the Dyersburg City System.

14. Due to community hostility to further school desegregation, the defendants by letter dated August 2, 1966, advised the United States Office of Education that they had rescinded their previous amendments to their plan of desegregation.

15. Students at the traditionally all-Negro Bruce School have been and are being afforded educational

-5-

opportunities and facilities inferior to the educational opportunities and facilities provided to students at the predominately white schools in the District.

16. The continued operation by the defendants of the all-Negro Bruce School as a twelve grade school in conjunction with three predominately white elementary schools, a predominately white junior high and a predominately white senior high school, and the continued staffing of each school by teachers of the same race as that of the majority of the students violates the Fourteenth Amendment.

17. By their acts and practices described in this complaint, the defendants have denied and continue to deny Negro students in the Dyersburg City School District the full and equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, the plaintiff prays that this Court enter an order enjoining the defendants, their agents, employees and successors and all persons in active concert or participation with them from failing or refusing to offer and provide equal educational opportunities and facilities to all students attending public schools in Dyersburg City, without regard to their race or color, and from otherwise maintaining, in the operation of the school system, any distinction based upon race or color, and more particularly providing that:

1. The defendants shall assign and reassign all students enrolled in the junior high grades at the traditionally all-Negro Bruce School to the Dyersburg Junior High School.

2. The defendants shall assign and reassign all students enrolled in the senior high grades at the traditionally all-Negro Bruce School to the Dyersburg Senior High School.

3. Race or color shall not be a factor in the hiring, assignment, reassignment, promotion, demotion or dismissal of teachers and other professional staff, except to correct the effects of past discriminatory assignments. In the recruitment and employment of teachers and other professional personnel, all applicants or other prospective employees will be informed that the City of Dyersburg operates a racially integrated school system and that members of its staff are subject to assignment in the best interest of the system and without regard to the race or color of the particular employee. The defendants shall take affirmative steps to solicit and encourage teachers presently employed to accept transfers to schools in which the majority of the faculty members are of a race different from that of the faculty members to be transferred. The defendants shall take steps to assign and reassign teachers and other professional staff members to eliminate past discriminatory patterns.

4. Teachers and other professional staff members may not be dismissed, demoted, or passed over for retention, promotion or rehiring, on the ground of race or color. In any instance where one or more teachers or other professional staff members are to be displaced as a result of desegregation, no staff vacancy shall be filled through recruitment from outside the system unless no such displaced staff member is qualified to fill the

vacancy. If, as a result of desegregation, there is to be a reduction in the total professional staff of the school system, the past assignment of any teacher or staff member, where such past assignment was based upon race or color, shall not be considered in determining whether he shall be released.

   5. Nonresident students shall not be accepted where such action would tend to preserve segregation or minimize desegregation. Any arrangement made for nonresident students to attend schools in this system shall assure that such students will be assigned without regard to race, color, or national origin. No arrangement shall be made, or permission granted, by this school system for any students living in the community it serves to attend school in another school system where such action would tend to preserve segregation or minimize desegregation and the opportunity is not available to all students without regard to race, color or national origin.

   6. No student shall be segregated or discriminated against on account of race or color in any service, facility, activity or program (including transportation, athletics, or other extra-curricular activity) that may be conducted or sponsored by, or affiliated with, the school in which he is enrolled. A student attending school for the first time on a desegregated basis may not be subject to any disqualification or waiting period for participation in activities and programs, including athletics, which might otherwise apply because he is a transfer student.

-8-

7. The defendants shall provide remedial education programs which permit students attending or who have previously attended all-Negro schools to overcome past inadequacies in their education.

Plaintiff further prays that this Court grant such additional relief as the needs of justice may require, together with the costs and disbursements of this action.

NICHOLAS deB. KATZENBACH
Attorney General

JOHN DOAR
Assistant Attorney General

THOMAS L. ROBINSON
United States Attorney

MACEO W. HUBBARD
Attorney
Department of Justice